PER CURIAM:
The claimant brought this action for damage to his 1985 Maserati Bi-Turbo which occurred when a large tree located on respondent’s right of way fell onto his vehicle when it was parked in the driveway of his residence at 476 Russell Road, Saint Albans, Kanawha County. Respondent was responsible at all times herein for the maintenance of Russell Road. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on December 14, 2001, at approximately noon. The weather was mild, clear, and a little breezy. Claimant’s wife and his daughter, Michelle Roberts, had just returned from the store and they were carrying groceries to the house. Claimant had also just returned home and he was behind his wife and daughter when he heard a loud cracking sound. Suddenly, a large tree fell toward the claimant nearly striking him. The tree landed on top of Michelle Robert’s new Ford Mustang GT totally destroying it. Tree limbs also landed on claimant’s Maserati which was parked a little farther away from the tree. Claimant did not have insurance coverage on the Maserati because he did not drive it during the winter months. He stated that he treated the vehicle basically as a show car. He testified that he had owned the Maserati for approximately two or three years. Claimant submitted into evidence a repair estimate in the amount of $5,159.44 for the damage to the Maserati. However, claimant has made many of the repairs listed in the estimate himself and he purchased some used parts to do so.
*215 Claimant contends that respondent knew or should have known that the tree which fell onto his vehicle posed an apparent risk of falling and presented a hazardous condition to the claimant and the traveling public in general.
Respondent did not present any witnesses in this claim.
Claimant testified that the tree was located across the road from his driveway and very close to Russell Road. He also testified that it was clearly located on the respondent’s right of way. He described the tree prior to this incident as having “two parts”. He stated that one limb listed greatly towards his neighbor’s property, while the second limb was basically straight up in the air. He also testified that the tree had been struck by lightning sometime prior to this incident and that part of the top of the tree was blown out. Respondent had previously removed the portion that was destroyed, but did nothing to the remaining tree. According to claimant, certain portions of the tree were rotten. Further, he stated that the tree did not have a good support system to hold it up. Claimant also testified that he had spoken to respondent about the tree at issue a couple of times prior to this incident. He stated that he had informed a few of respondent’s employees, who were working at or near the location of this incident, that the tree made it hard to get out of his driveway. He informed them that a few visitors at his residence had actually backed into the tree while backing out of his driveway. However, Mr. Hensley did not mention to the respondent that he had concerns about the tree falling. He only spoke to the respondent in regards to having it moved or relocated for his convenience.
To hold respondent liable, claimant must prove by a preponderance of the evidence that the respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). The general rule of this Court with regard to tree fall claims is that if a tree is dead and poses an apparent risk, then the respondent may be held liable. However, when a healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles v. Division of Highways, 22 Ct. Cl. 170 (1998); Gerritsen v. Dept. of Highways, 16 Ct. Cl. 85 (1986).
In the instant claim, the Court is of the opinion that respondent had no notice that the tree at issue posed an apparent risk to the public. The evidence adduced at the hearing established that the tree had been struck by lightning. There is undisputed evidence that respondent’s employees observed the tree while working at or near the location of this incident after it had been struck by lightning.- Claimant only complained to respondent’s employees that the tree was a nuisance for drivers maneuvering their vehicles out of his driveway. Neither claimant nor respondent had reason to believe that the tree was in danger of falling.
Accordingly, claimant having failed to establish that respondent had actual or constructive notice of the defect in the tree which caused it to fall on claimant’s Maserati, the claim must be denied.
Claim disallowed.